UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JONATHAN LEE RICHES; aka SHAHZAD, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. C-10-226 |
| § | |
| HOWE, *et al*, § | |
| § | |
| Respondents. § | |

## ORDER AFFIRMING MAGISTRATE JUDGE'S ORDERS DENYING SIMPSON'S MOTIONS TO INTERVENE

On August 13, 2010, movant Patrick J. Simpson's motion to intervene was denied by a United States Magistrate Judge (D.E. 12). Simpson failed to file objections or seek review of this order pursuant to **Fed. R. Civ. P.** 72 or 28 U.S.C. § 636; instead he filed a notice of appeal of this decision to the Fifth Circuit Court of Appeals. The magistrate judge denied a second motion to intervene on August 24, 2010 (D.E. 15), but that order has not been appealed.

Absent consent of the parties pursuant to 28 U.S.C. § 636(c), a decision of a United States Magistrate Judge is not appealable directly to the Fifth Circuit Court of Appeals. *Donaldson v. Ducote*, 373 F.3d. 622, 625 (5th Cir. 2004). Rather, a party must first file objections demonstrating that the ruling is either clearly erroneous or contrary to law and obtain a ruling from the District Court. *Id.*; **Fed. R. Civ. P.** 72(a); 28 U.S.C. § 636(b)(1)(A).

In view of the foregoing, Simpson's notice of appeal is treated by the court as a request for review of the magistrate judge's rulings (D.E. 12, 15). Simpson has failed to

show that the rulings are clearly erroneous or contrary to law. Nowhere in Simpson's motions or in his notice of appeal has Simpson cited any federal authority or statutes which give him an unconditional right to intervene in this case, nor has he demonstrated that the disposition of this case may as a practical matter, impair or impede his ability to protect his interest. FED. R. CIV. P. 24(a). Likewise, Simpson has not provided any argument or authority to demonstrate that he is entitled to permissive intervention. FED. R. CIV. P. 24(b).

This case involves a closed and dismissed § 2241 petition seeking habeas relief filed by another inmate *in the wrong district*. The petition was dismissed because a § 2241 petition must be filed in the district of incarceration. In this case movant Simpson and petitioner Rich are incarcerated in the Eastern District of Kentucky, and must file any petition for § 2241 relief in that district.

The orders of the magistrate judge (D.E. 12, 15) are affirmed.

SIGNED and ORDERED this 10th day of September, 2010.

_____
Janis Graham Jack
United States District Judge